UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
OCT 22 2014
PER_____
DEPUTY CLERK

CHARLES E. SMITH, :
:
Petitioner :
:
v. : CIVIL NO. 3:CV-14-1728
:
COMMONWEALTH OF PA., et al., : (Judge Kosik)
:
Respondents :

### MEMORANDUM

On September 4, 2014, Charles E. Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an addendum thereto, wherein he challenges the revocation of his probation. He has also submitted a motion for leave to proceed in forma pauperis in this matter (Doc. 2). For the reasons that follow, the motion to proceed in forma pauperis will be granted for the sole purpose of filing this action, and the petition will be dismissed for failure to exhaust state remedies.

I.   **Background**

While somewhat confusing to follow, it appears that Petitioner pled guilty in April of 2013 to the charge of Receiving Stolen Property in the Court of Common Pleas of Cumberland County, Docket No. CP-21-CR-0187-2013. He was sentenced on June 5, 2013, to the payment of costs of prosecution, a $100.00 fine and a period

of probation for the purpose of collection only for six (6) months. (Doc. 1, Pet., Ex. A.) On or about November 5, 2013, a petition for revocation of probation and issuance of a bench warrant was filed because Petitioner's whereabouts became unknown. On November 6, 2013, the bench warrant, based upon the probation violation, was issued. On or about September 16, 2014, Petitioner's probation was revoked due to Petitioner's admission that he had violated the terms of his probation. He is currently in custody based upon a new sentence/penalty imposed which appears to be six (6) months.[1] Petitioner challenges his current confinement on the basis that the time he has spent in custody exceeds the maximum amount of time he legally could be held for his offense under the law.

## II. Discussion

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court reviews the petition to determine whether it plainly appears from the petition that the petitioner is not entitled to relief. Because it appears that Petitioner has not exhausted state court remedies, he is not entitled to relief and the petition will be dismissed without prejudice.

A state prisoner must exhaust available state remedies before filing a petition

---

[1] The court takes judicial notice of the information pertaining to the recent revocation of probation and the newly imposed term from the criminal docket accessed through the Unified Judicial System of Pennsylvania Web Portal, see https://ujsportal.pacourts.us.

2

for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claims to the state courts. Picard v. Connor, 404 U.S. 270, 278 (1971). Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, supra. 526 U.S. at 845. The exhaustion requirement is applicable to claims involving the revocation of probation. See Miller v. Kearney, 2012 WL 3960453, Civ. No. 1:CV-12-1214 (M.D. Pa. Aug. 1, 2012)(adopted Sept. 10, 2012)(Conner, C.J.); Shreve v. Minium, 2012 WL 6137992, at *6, Civ. No. 1:CV-12-2128 (M.D. Pa. Nov. 19, 2012)(adopted Dec. 11, 2012)(Conner, C.J.); Kennedy v. Bickell, 2012 WL 4963684, at *2-3, Civ. No. 11-7812 (E.D. Pa. Sept. 14, 2012)(adopted Oct. 18, 2012)(Joyner, C.J.)

Petitioner has not exhausted his state court remedies. This is confirmed not only by the docket sheet in Petitioner's underlying criminal matter, but also through his admission in the petition, and the fact that the revocation of probation and new term were just recently imposed on September 16, 2014. For these reasons, the petition for writ of habeas corpus will be dismissed on the basis of failure to exhaust. An appropriate order follows.